UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:13-CR-267-O |
| | ) |
| JOSEPH GONZALEZ, | ) |
| | ) |
| Defendant. | ) |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the Indictment charging a violation of 18 U.S.C. § 846, Joseph Gonzalez and his attorney, Camille M. Knight, stipulate and agree to the following:

### I. ELEMENTS OF THE OFFENSE

The elements of a violation of 18 U.S.C. § 846 are as follows:

1. That two or more persons directly or indirectly, reached an agreement to distribute a Schedule I controlled substance, to wit: marijuana;

2. That the defendant knew the unlawful purpose of the agreement;

3. That the defendant joined the agreement willfully, that is, with the intent to further its unlawful purpose; and;

4. That the overall scope of the conspiracy involved at least 50 kilograms of marijuana.

## II. PUNISHMENT FOR THE OFFENSE

The minimum and maximum penalties a sentencing court can impose include the following:

1. imprisonment for a period not more than 20 years, or for not more than 30 years if the defendant is convicted of the instant offense after a prior conviction for a felony drug offense has become final;

2. a fine not to exceed $2,000,000, or twice the pecuniary gain to the defendant or loss to the victim(s);

3. a term of supervised release of at least 6 years, which is mandatory under the law and will follow any term of imprisonment. If Mr. Gonzalez violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

4. a mandatory special assessment of $100;

5. restitution to the victims or to the community, which may be mandatory under the law, and which Mr. Gonzalez agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

6. costs of incarceration and supervision.

## III. SENTENCING IN THIS CASE

Mr. Gonzalez has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the District Court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, neither the Sentencing Guidelines nor 18 U.S.C. § 3553(a) are binding and the District Court, in its discretion, may sentence Mr. Gonzalez to the statutory maximum penalties, if that is a reasonable sentence. Mr. Gonzalez understands that if the District Court imposes a sentence greater than he expects, he will not be able to withdraw his plea of

"guilty" based solely upon the higher sentence, so long as the sentence is within the statutory maximum punishment. Congress has abolished parole, so if the District Court sentences Mr. Gonzalez to a term of imprisonment, he understands that he will not be released on parole.

Mr. Gonzalez further understands that a conviction for the aforementioned offense is a felony conviction and a felony conviction may deprive him of important civil rights, which include the right to possess a firearm.

### IV. CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Mr. Gonzalez understands that he has the following constitutional rights:

1. the right to plead not guilty to the charged offense;

2. the right to have a speedy trial by jury in this District;

3. the right to have his guilt proven beyond a reasonable doubt;

4. the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

5. the right to not be compelled to incriminate himself.

Mr. Gonzalez waives the aforementioned rights and pleads guilty to the offense alleged in the Indictment charging him with violating 18 U.S.C. § 846. Mr. Gonzalez understands the nature and elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

### V. STIPULATED FACTS

In or about January 2011, Jayme Meadows began purchasing large quantities of marijuana from individuals in Northern California for sole purpose of shipping the marijuana back to Dallas, Texas, for further distribution. Once the marijuana arrived in the Dallas area, the marijuana packages were broken down into smaller quantities to be resold to various customers in

the Dallas area.

Mr. Gonzalez admits that he was one of the persons who received marijuana for redistribution. After receiving the marijuana, he would further distribute it to his own customers. Between approximately June 2011 and January 2012, Gonzalez and others distributed at least 50 kilograms of marijuana, knowing that it was illegal.

## VI. VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Gonzalez has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense, the statutory penalties, and the Sentencing Guidelines and 18 U.S.C. § 3553(a) with his attorney. Mr. Gonzalez has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and is satisfied with his attorney's representation of him in this case. Mr. Gonzalez concedes that he is guilty of the charges to which he is pleading guilty, and he concludes that it is in his best interests to plead guilty instead of going to trial.

AGREED TO AND SIGNED this 19th day of February, 2014.

_____
JOSEPH GONZALEZ
Defendant

_____
CAMILLE M. KNIGHT
Attorney for Defendant

4