# United States District Court

NORTHERN DISTRICT OF TEXAS

Dallas Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 3:13-CR-267-O (11) |
| | U.S. Marshal's No.: 12856-078 |
| | Brian Poe, Assistant U.S. Attorney |
| JOSEPH GONZALEZ | Camille Knight, Attorney for Defendant |

On February 27, 2014, the defendant, JOSEPH GONZALEZ, entered a plea of guilty to Count One of the One Count Superseding Indictment filed on October 16, 2013. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Marijuana | October 15, 2013 | One |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100 for Count One of the One Count Superseding Indictment filed on October 16, 2013.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed June 19, 2014.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed June 30, 2014.

Case 3:13-cr-00267-O   Document 577   Filed 06/30/14   Page 2 of 3   PageID 2632
Judgment in a Criminal Case
Defendant: JOSEPH GONZALEZ                                                     Judgment -- Page 2 of 3
Case Number: 3:13-CR-267-O (11)

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, JOSEPH GONZALEZ, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) for a period of **TWENTY-ONE (21) months**. The Court further orders this sentence to run concurrently to the 30-month sentence the defendant is currently serving for his supervised release revocation imposed on June 25, 2012, under Case No. 3:12-CR-045-N (01).

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) years** on Count One of the One Count Superseding Indictment filed on October 16, 2013.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)  not leave the judicial district without the permission of the Court or probation officer;

( 2)  report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;

( 3)  answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

( 4)  support the defendant's dependents and meet other family responsibilities;

( 5)  work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

( 6)  notify the probation officer within seventy-two (72) hours of any change in residence or employment;

( 7)  refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

( 8)  not frequent places where controlled substances are illegally sold, used, distributed, or administered;

( 9)  not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;

(11)  notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

(12)  not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

(13)  notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $50 per month;

participate in individual or group counseling programs, as directed by the probation officer, for the purpose of evaluating and counseling the defendant for gambling addiction;

complete 100 hours of community service to be completed within the first 13 months of supervision;

provide to the probation officer any requested financial information; and,

refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____

United States Marshal

BY  _____

Deputy Marshal